**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 24-1471**

───────────────

LASHAUN CURRY

       Plaintiff - Appellant

v.

SOUTH CAROLINA STATE ELECTION COMMISSION

       Defendant - Appellee

───────────────

Appeal from the United States District Court for the District of South Carolina, at Columbia.  Joseph F. Anderson, Jr., Senior District Judge.  (3:22-cv-00911-JFA)

───────────────

Submitted:  April 22, 2025                    Decided:  July 1, 2025

───────────────

Before HARRIS and QUATTLEBAUM, Circuit Judges, and KEENAN, Senior Circuit Judge.

───────────────

Affirmed by unpublished per curiam opinion.

───────────────

**ON BRIEF:**  James Paul Porter, Elizabeth Millender, CROMER, BABB & PORTER, LLC, Columbia, South Carolina, for Appellant.  Derwood L. Aydlette III, Fred A. Williams, BETTIS LAW GROUP, L.L.P., Columbia, South Carolina, for Appellee.

───────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

LaShaun Curry, a Black woman, filed a civil action against her former employer, the South Carolina State Election Commission (the Commission), alleging racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 as amended (Title VII), 42 U.S.C. §§ 2000e through 2000e-17. Curry asserted that she was terminated from her employment based on disparate treatment and retaliation for participating in protected activities, including reporting instances of alleged racial animus by her supervisors.[*] The district court granted the Commission's motion for summary judgment. After a thorough review of the record, we affirm.

"We review an award of summary judgment de novo." *Haynes v. Waste Connections, Inc.*, 922 F.3d 219, 223 (4th Cir. 2019). "Summary judgment is appropriate if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.* (internal quotation marks omitted) (quoting Fed. R. Civ. P. 56(a)). In reviewing an award of summary judgment, we consider the facts in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Id.*

"Title VII forbids (i) employment practices that discriminate against an employee on the basis of race, color, religion, sex, or national origin ... and (ii) retaliation against an employee for opposing adverse actions that she [or he] reasonably suspects to be unlawful

---

[*] Curry also alleged claims of disparate pay and defamation under South Carolina state law. The district court awarded summary judgment in favor of the Commission on those claims, and Curry does not challenge those rulings on appeal.

under Title VII." *Strothers v. City of Laurel*, 895 F.3d 317, 326-27 (4th Cir. 2018) (citations omitted). When, as here, a plaintiff does not allege direct evidence of discrimination, a plaintiff asserting discriminatory treatment under Title VII may proceed, as Curry has done here, under the burden-shifting framework established in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *Haynes*, 922 F.3d at 223. In the present case, this framework also applies to Curry's retaliation claim. *Id.*

"[T]he elements of a prima facie case of discrimination under Title VII are: (1) membership in a protected class; (2) satisfactory job performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class." *Coleman v. Md. Ct. of Appeals*, 626 F.3d 187, 190 (4th Cir. 2010); *see McDonnell Douglas Corp.*, 411 U.S. at 802. Prima facie proof of retaliation "requires proof that: (1) the plaintiff engaged in protected activity, (2) she suffered an adverse employment action, and (3) there was a causal connection between the protected activity and the adverse action." *Ray v. Int'l Paper Co.*, 909 F.3d 661, 669 (4th Cir. 2018) (citation omitted).

After the plaintiff establishes a prima facie case of discrimination or retaliation, the burden of production shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory justification for its adverse employment action. *Haynes*, 922 F.3d at 223. If the employer satisfies this burden, then the plaintiff must prove by a preponderance of the evidence that the employer's purportedly neutral reasons were pretextual for discrimination or retaliation for protected activity. *Id.* Ultimately, the burden of persuasion rests with the plaintiff to show that she was subjected to racial discrimination, or to retaliation for her protected activity. *Reeves v. Sanderson Plumbing Prods.*, 530 U.S. 133,

3

143 (2000). We have reviewed the record and hold that, even assuming Curry established prima facie cases of discrimination and retaliation, she failed to show that a reasonable trier of fact could find that her employer's legitimate reasons for terminating her employment were pretextual or otherwise discriminatory.

We reach this conclusion after considering the three arguments presented by Curry on appeal. Curry first argues that the district court applied an incorrect standard to her retaliation claim. The court stated that Curry failed to show that retaliation for her protected activity, "*and nothing else*, was the reason for her termination." Instead, the causation standard requires that the employee show "that retaliation was *a* but-for cause" of the termination and does not require that retaliation was the singular "but-for" cause. *Guessous v. Fairview Prop. Invests., LLC*, 828 F.3d 208, 217 (4th Cir. 2016) (emphasis added) (citing *Foster v. Univ. of Md.-E. Shore*, 787 F.3d 243, 252 (4th Cir. 2015)). Nevertheless, the record demonstrates that, despite the court's misstatement of the evidentiary standard in one sentence of its decision, the court did not improperly hold Curry to a stricter standard than is required.

The record shows that the Commission set forth numerous non-retaliatory reasons for Curry's termination, including that she made a false statement to her supervisor, engaged in improper conduct, failed to maintain harmonious work relationships, and engaged in insubordination. Additionally, the record shows that after receiving previous written reprimands, Curry did not improve in the identified areas. Curry contended in the trial court, and reasserts on appeal, that her employer's stated reasons for her termination were not legitimate and, so, necessarily those reasons were pretextual. But Curry failed to

4

produce any evidence from which a jury could conclude that the Commission's stated reasons were pretextual. We therefore conclude that the district court correctly held that Curry failed to satisfy her burden to show that she was terminated based on retaliation.

Curry next argues that the district court engaged in improper credibility determinations, weighing the Commission's version of events more favorably than Curry's view. *See Tekman v. Reliance Standard Life Ins. Co.*, 55 F.4th 951, 959 (4th Cir. 2022) (explaining that generally in the context of summary judgment a court may not weigh evidence or engage in credibility findings). After reviewing the details of Curry's argument and the record, we conclude that her argument fails. To the extent that the district court disregarded minor factual discrepancies, we hold that none of those discrepancies created a genuine issue of material fact regarding the reason the Commission terminated Curry's employment. *Hux v. City of Newport News*, 451 F.3d 311, 315 (4th Cir. 2006) (explaining that a plaintiff cannot seek to expose that rationale as pretextual by focusing on minor discrepancies that do not cast doubt on the explanation's validity).

In Curry's third argument, she contends that the district court erred in refusing to consider written notes by a state employee who had investigated Curry's charges of discrimination and retaliation. In those notes, the investigator recorded two statements by Commission employees who stated in part that Curry's supervisor "treated [B]lack employees differently than other employees," and that Curry's supervisor treated Curry poorly because "she was [B]lack." We conclude that the district court properly refused to consider the investigator's notes because they contained hearsay statements by individuals whom Curry had failed to identify during the discovery process as potential witnesses.

5

*Giles v. Nat'l R.R. Passenger Corp.*, 59 F.4th 696, 704 (4th Cir. 2023) (explaining that inadmissible evidence may not be considered in a motion for summary judgment (citation omitted)); Fed. R. Civ. P. 37(c)(1) (stating that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion"); *see also Brown v. Perez*, 835 F.3d 1223, 1232 (10th Cir. 2016) (explaining that a plaintiff failed to show that she "could put the substance of a letter into admissible form" because she did not submit an affidavit or suggest that the author of the letter could testify to its contents).

Accordingly, we affirm the district court's judgment in favor of the Commission. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

6